**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2011

Lyle W. Cayce
Clerk

No. 10-20549
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PATRICIO PENA MARTINEZ, also known as Pato,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-796-2

Before JOLLY, GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Patricio Pena Martinez pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute five kilograms or more of cocaine. The district court imposed a within-guideline sentence of 108 months in prison.

Martinez first argues that because the record clearly reflects that the district court believed that it had no discretion to consider his alleged cooperation in the absence of a U.S.S.G. § 5K1.1 motion, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effectively rendered the Guidelines mandatory, in violation of *United States v. Booker*, 543 U.S. 220 (2005).

*Booker* rendered the Sentencing Guidelines advisory rather than mandatory. *See id.* at 245-46. *Booker* instructs appellate courts to review sentences for reasonableness in light of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). *Id.* at 260-62.

The district court's statements at sentencing belie Martinez's argument that the court believed it could not depart in the absence of a § 5K1.1 motion. The district court, after hearing the sentencing arguments of counsel, stated that it had considered the factors in § 3553(a) and found that a sentence within the guideline range was "appropriate." The court declined to depart downward, believing that it was "not warranted." *See United States v. Washington*, 480 F.3d 309, 320 (5th Cir. 2007) ("[T]he district court implicitly recognized that it could deviate from the Guidelines, but based on the facts before it, decided not to do so."). The district court did not state that it could not depart because no § 5K1.1 motion had been filed; it merely noted that no § 5K1.1 motion had been filed.

We also reject Martinez's assertion that the Government breached the plea agreement by failing to file a § 5K1.1 motion for downward departure based on his substantial cooperation. Because Martinez neither shows that the Government bargained away its discretion to file a § 5K1.1 motion nor argues that the Government acted with unconstitutional motive, his downward departure claim is not reviewable. *See Wade v. United States*, 504 U.S. 181, 185-87 (1992); *United States v. Urbani*, 967 F.2d 106, 110-11 (5th Cir. 1992).

AFFIRMED.